UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROYRON D. GLADNEY,

    Plaintiff,

v.

Case No. 1:21-cv-65

Hon. Janet T. Neff

KALAMAZOO PUBLIC SAFETY,
TIMOTHY MILLARD, MATTHEW ELZINGA,
and DANIEL GUILD,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Troyron D. Gladney ("Gladney"). Gladney filed this case in the United States District Court for the Northern District of Indiana. That court transferred the case to the United States District Court of the Western District of Michigan because "the case seems to have arisen from incidents in Kalamazoo, Michigan, and involves defendants who are citizens of Michigan."  *See* Order (ECF Nos. 3 and 4).  This matter is now before the Court on defendants' motion to dismiss (ECF No. 15).[1]

    **I.**    **Gladney's complaint**

On December 18, 2020, Gladney filed a cryptic complaint alleging as follows:

1.    On or about February 10, 2017, Timothy Millard was sworn in before a Judge when he committed perjury, telling a Judge I assaulted him also resisted arrest just to get and arrest warrant {2017001479}.  Als[o] a stop in 2015, 2016, 2017, 2018.

2.    Mathew Elzinga conspired to violate my civil rights under the color of law and deprivation of my Civil Right[s].  Ignored all of my complaints since 2015.

---

[1] Defendants' motion incorporates legal argument within the motion itself.  W.D. Mich. LCivR 7.1(a) requires that "[a]ll motions, except those made orally during a hearing or trial, shall be accompanied by a supporting brief." Defendants' counsel is advised that future motions may be rejected or denied for failure to include a supporting brief.

> 3. Daniel Guilds conspired to violate my Civil Rights under the color of the law[,] deprivation of my Civil Rights [violations], pretending [sic] also ignoring me. I have report[ed] crime[s] against me also against my children. Police misconduct, [harassment], falsifying police reports, [and] [failure] to protect my children on numerous [occasions].

Compl. (ECF No. 1, PageID.2-3). Gladney did not allege any facts against defendant Kalamazoo Public Safety or any wrongful conduct related to that defendant. For his relief, Gladney wants "Monetary, punitive damages also return of stolen property my DNA." *Id*. at PageID.3 (emphasis in original). Attachments to the complaint include a brief in support of a motion to suppress evidence and dismiss charges in a criminal case filed against Gladney in Michigan's 8th District Court (Kalamazoo County). Attachment (ECF No. 1-1, PageID.4-8).

    II.    **Discussion**

    A.    **Gladney did not file a response to the motion**

Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. W.D. Mich. LCivR 7 requires a party to demonstrate its opposition to another party's motion. *See* W.D. Mich. LCivR 7.1(a) ("[a]ny party opposing a written motion *shall* do so by filing and serving a brief conforming to these rules") (emphasis added); W.D. Mich. LCivR 7.2(c) ("[u]nless otherwise ordered, any party opposing a dispositive motion *shall*, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials") (emphasis added).

Here, Gladney did not file a response to defendants' dispositive motion. A plaintiff's failure to file a response to a motion to dismiss can be deemed a waiver of opposition to the relief sought in the motion. *See Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (listing cases including *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (holding that the defendant waived any argument

2

on the issue by failing to oppose a motion to dismiss) and *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion")).  Accordingly, defendants' motion should be granted on this basis.

      **B.**     **Gladney failed to state a claim**

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Here, Gladney's complaint consists of legal conclusions that defendants engaged in wrongful conduct. Because Gladney referred to a violation of his civil rights "under the color

of the law," the Court infers that he brought this complaint pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

As discussed, Gladney did not allege wrongful conduct against defendant Kalamazoo Public Safety. The only specific date alleged in the complaint is February 10, 2017, when defendant Millard allegedly committed perjury. Other than this bare allegation of perjury, Gladney has not alleged any facts to support a § 1983 claim against Millard that is plausible on its face. The balance of Gladney's complaint consists of "unadorned, the - defendant[s] - unlawfully - harmed - me accusation[s]" which are insufficient to state a claim for relief against any of the defendants. *See Iqbal*, 556 U.S. at 678. Accordingly, defendants' motion should be granted on this basis.

### C.    Statute of limitations

Finally, assuming that Gladney is attempting to file a cause of action pursuant to § 1983, defendants point out that he filed this action on December 18, 2020, and that any alleged incidents which occurred before December 17, 2017, are barred by the three-year statute of limitations. *See Chippewa Trading Company v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (the statute of limitations for a § 1983 claim in Michigan is three years, based upon Michigan's three-year statute of limitations for injury to a person or property). The only claim not barred by the statute

of limitations is Gladney's allegation that defendant Millard engaged in "a stop" in 2018. Compl. at PageID.2. However, this cryptic allegation fails to state cause of action.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that defendants' motion to dismiss (ECF No. 15) be **GRANTED** and that plaintiff's complaint be **DISMISSED with prejudice**.

Dated: February 11, 2022                                /s/ Ray Kent
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).