UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROYRON D. GLADNEY,

    Plaintiff,

v.

KALAMAZOO PUBLIC SAFETY, et al.,

    Defendants.

_____/

Case No. 1:21-cv-65

HON. JANET T. NEFF

## OPINION AND ORDER

This is a civil action brought by pro se Plaintiff Troyron D. Gladney. On February 11, 2022, the Magistrate Judge issued a Report and Recommendation (R & R), recommending that Defendants' motion be granted, and this case be dismissed (ECF No. 16). On March 1, 2022, the Court received Plaintiff's Objections (ECF No. 17), Notice of Appeal (ECF No. 18) and Application to Proceed *In Forma Pauperis* (ECF No. 19).[1] Because Plaintiff's appeal of the Report and Recommendation is clearly frivolous, *see Genous v. Gray*, No. 20-3326, 2020 WL 3412694, at *1 (6th Cir. Apr. 17, 2020), the Court finds that it still has jurisdiction over this matter, *see Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981) ("a notice of appeal from a plainly nonappealable order may properly be ignored by the district court."). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those

---

[1] This Court subsequently denied Plaintiff's Application to Proceed *In Forma Pauperis* because this Court had not yet ruled on the R & R (ECF No. 19). The Sixth Circuit has assigned this matter a case number and the case remains pending. *See Gladney v. Gettings,* No. 22-1164 (6th Cir. 2022).

portions of the Report and Recommendation to which objections have been made. For the reasons stated below, the Court adopts the R & R and denies Plaintiff's objections.

Plaintiff's objections are confusing and fail to specifically address any portion of the R & R. "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). "A general objection is considered the equivalent of failing to object entirely." *Id.* Furthermore, Plaintiff does not address the Magistrate Judge's recommendation that Plaintiff waived any argument in opposition to the motion to dismiss because he failed to file a response. Nor does Plaintiff explain why any of his claims that are based on incidents that occurred before 2017 are not barred by the statute of limitations.

Plaintiff's objections include new allegations that were not part of his original complaint. These new allegations are difficult to understand. It appears that Plaintiff alleges that Defendants retaliated against him for filing a complaint against the Kalamazoo County Police Department. He is unhappy with how Defendants investigated his report and believes that Defendants conspired to violate his rights. Plaintiff alleges that he was assaulted by an "unknown assailant" and believes that Defendants falsified documents and committed perjury during their investigations. (ECF No. 17 at PageID.43).

Despite these new allegations, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009). The court need not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Here,

Plaintiff's legal conclusions are not sufficient.  In sum, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 15) is GRANTED.


Dated:  March 31, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge